OPINION of the Court, by
Ch. J. Boyle.
— ihe: plaintiff brought an action of covenant against the defendant, in the Nelson circuit court, upon the following instrument of writing, which was signed and sealed by the defendants, viz. “ We purchased of William Ken-dal a tract oi land, supposed to be 500 acres, at four dollars per acre, and have paid eleven hundred dollars.”
The plaintiff, after setting forth the instrument in his declaration, avers u that there was five hundred acres of land in said tract, and that the defendants fail and refuse to pay him the balance o! the purchase money, which is SOO dollars, although so to do they have been' often requested, to hjs damage,” &c.
The defendants, after craving-oyer of the instrument declared on, demurred to the declaration ; and judgment being given for the defendants upon the demurrer, the plaintiff has brought the case before this court by writ of error.
Two questions arise in this case — 1st, Whether the instrument declared on amounts to a covenant to pay the purchase money 1 2d, Whether the declaration is sufficient, without an averment that the plaintiff had conveyed to the defendants the tract of land in the instrument mentioned, or that he had offered to do so ? ■
Neither the word covenant, nor any particular form of words, is necessary to constitute a covenant. Any words in an instrument under the hand and seal of the party, importing an agreement, will be sufficient to create a covenant upon which an action will he. It is said that where a man transfers and assigns a chose in action, though nothing passes thereby, yet it amounts to a covenant that the other shall have the thing ; and an acknowledgment to be accountable for money, &.c, ⅛ held to be a covenant — 1 Bac. Afar, title, covenant, letter A, and the authorities there cited. So the recital pl an agreement ia the beginning of a deed, will «reate *615 a covenant upon which an action will lie t as where, ofe the demise of a coal mine, it was recited “ that before the sealing of the indenture, it had been agreed that the plaintiff should have the third part dug,1’ &c. On an action of covenant being brought, it was objected that there was no covenant that the plaintiff was to have the third part; but by Hobs, were it but a recital that before the indenture they were agreed, it is a covenant ; so to say “ whereas it was agreed to pay 20/,” for now the indenture confirms the former agreement by such declaration, and makes it a covenant — See Barford vs. Picard, 3 Keb. 465, cited Esp. 268.
The instrument declared on in this case is certainly a very imperfect and informal one, but we think when taken altogether it amounts to an agreement to pay for the tract of land therein mentioned, at the rate of four dollars per acre. The term purchase, has two significations ; a technical and a popular one. In its technical sense it signifies an estate perfected by an executed conveyance ; but in its popular acceptation it is under* stood to mean any contract or agreement to purchase land. When used in a statute, or perhaps in any formal and technical instrument, it ought to be understood in its technical sense ; but when used in an instrument so informal and imperfect as the one in question, it should be received in its popular acceptation. If the term in this case be thus understood, the acknowledgment by the defendants that they purchased of the plaintiff a tract of 500 acres, at the rate of four dollars per acre, would be equivalent to an acknowledgment that they had agreed to purchase of him that quantity at the price specified. This construction of the instrument is fortified by that part of it which states that 1100 dollars of the price was paid, thereby implying that the balance was unpaid, and dearly evincing it to be an executory, and not an executed contract. An agreement to purchase a certain quantity of land, at a specified price, must be construed to be an agreement to pay the price ; and when under hand and seal, is a covenant upon which an action will lie for the nonpayment of the price.
As to the second question, we are of opinion that the averment that the plaintiff had conveyed, or had offer-id to convey the land mefttioned in the instrument de- *616 -i, ’.rrs wet esc try, and thm without it the plain-no! h*u n Iñr-'.sAf entitled to maintain the ac-in hue to the price. As we have already *’ ' no ¡ct m tai , ¡am is to be construed to be a; ‘ ’T.eut for the pinchase of the land, no ,tu d ⅝*! . p the money was to be paid or n> .de, b >tl> arts should be done in a 11 :< omiV' time, and consequently their tm rom - \ eiu c m f’.n a" an m i ⅛, is on a* s' t tie he simultaneous. Where two acts, tile one i,y on pin) to an agreement, and the other by the other part)’, are to b.e done at the same time, neither' party can maintain an action against the other without shewing a performance, or an offer to perform on his part- This doctrine applies more particularly to all cases of salt- — Pordage vs. Cole, 1 Saund. 320 n 4, and the authorities there cited. T, he circumstance that the instrument declared on is signed only by the defendants, so far from makingthe case an exception to this doctrine, is an additional reason for its application to the case. For as the plaintiff has not bound himself to the performance on his part, by signing and sealing the instrument declared on, the defendants could have no remedy for a nonperformance on his part.
We are therefore of opinion that the declaration is defective, and that the judgment of the inferior court cn the demurrer is correct, and must be affirmed with costs.